UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO TALAVERA,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. STEBBINS, et al.,<br><br>    Defendants. | 1:20-cv-00580-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS** |

### I. BACKGROUND

Fernando Talavera ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  In the original Complaint, filed on April 23, 2020, Plaintiff names as defendants ten correctional officers employed at Kern Valley State Prison and alleges violations of Plaintiff's constitutional rights to medical care, mental health care, basic necessities, proper disciplinary proceedings, and freedom from retaliation.  (ECF No. 1.)

### II. FINDINGS

On May 4, 2020, the court issued an Order granting Plaintiff leave to proceed *in forma pauperis* in this case.  (ECF No. 5.)  The Order was served on Plaintiff at his address of record at California State Prison-Sacramento in Represa, California.  (Court Record.)  On May 14, 2020,

Plaintiff filed a notice of change of address to 47254 Diane Street, Indio, California 92201. (ECF No. 8.) On May 14, 2020, the court re-served the court's May 4, 2020 Order on Plaintiff at the new address. (Court Record.) On May 19, 2020, the United States Postal Service returned the Order as undeliverable. (Court Docket.) A notation on the envelope indicated "Undeliverable, Paroled." (Id.) Plaintiff has not notified the court of any current change in his address. Absent such notice service at a party's prior address is fully effective. Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides:

> "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.[1]

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 23, 2020. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v.

---

[1]The Clerk's Notice Reassigning Case, issued on May 8, 2020 and served on Plaintiff at California State Prison-Sacramento in Represa, California, was also re-served on Plaintiff at his address in Indio, California, on May 14, 2020, and returned to the Court by the United States Postal Service on May 19, 2020, as "Undeliverable, Paroled." (Court Record.)

Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**III.     RECOMMENDATIONS AND CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. This action be DISMISSED without prejudice, based on Plaintiff's failure to prosecute; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2020**                              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE